IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JULIE AOYAGI, | ) | CIVIL NO. 14-00285 ACK-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT IN PART AND DENY IN PART |
| vs. | ) | DEFENDANT STRAUB CLINIC AND |
| | ) | HOSPITAL'S BILL OF COSTS |
| STRAUB CLINIC AND HOSPITAL, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT STRAUB CLINIC AND HOSPITAL'S BILL OF COSTS[1]

Before the Court is Defendant Straub Clinic and Hospital's Bill of Costs filed on November 9, 2015 ("Bill of Costs"). ECF No. 50-1. Defendant requests $6,240.19 in costs. Id. at 3. Plaintiff filed an Objection to the Bill of Costs on November 16, 2015. ECF No. 51. Defendant filed a Reply on November 20, 2015. ECF No. 53. After a review of the parties' submissions and the relevant authority, the Court FINDS AND RECOMMENDS that the Bill of Costs be GRANTED IN PART and DENIED IN PART.

ANALYSIS

On October 26, 2015, the Clerk entered judgment in

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

favor of Defendant based on the court's order granting Defendant's motion for summary judgment. See ECF No. 49. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Local Rule 54.2(d) allows the party against whom costs are claimed to file objections within seven days after the Bill of Costs is served. See LR54.2(d). Plaintiff objects to Defendant's Bill of Costs on five grounds. First, Plaintiff argues that the Court should decline to award costs against her because it would be a financial hardship. Second, Plaintiff argues that the Court should decline to award costs against her because it will chill future civil rights litigation. Third, Plaintiff objects to Defendant's requested costs for copying. Fourth, Plaintiff objects to Defendant's requested costs for service of subpoenas. Last, Plaintiff objects to the costs requested by Defendant for Plaintiff's deposition transcripts.

### I. Financial Hardship

Plaintiff argues that an award of costs would be a severe financial hardship. See ECF No. 51 at 4. "Indigency is a factor that the district court may properly consider in deciding whether to award costs." Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Here, Plaintiff asserts that she is

of "modest means" and is currently involved in a Chapter 13 bankruptcy, which was filed in June 2010. Id. Plaintiff does not provide any further details regarding her financial situation. Plaintiff also does not assert that she is indigent or will be rendered indigent by an award of costs in favor of Defendant. Defendant represents that Plaintiff is currently gainfully employed at an hourly rate of $25.00 per hour. See ECF No. 53 at 2-3; see also ECF No. 53-2 at 2-3 (excerpt from Plaintiff's Deposition indicating that she planned to resign from employment with Defendant in May 2015 to accept a position elsewhere as an administrative secretary for $25.00 per hour). Further, the amount of costs requested by Defendant in this case is not significant. Considering the information submitted by the parties, the Court finds that Plaintiff's financial situation does not justify a denial of Defendant's requested costs.

**II. Chilling Effect on Future Civil Rights Litigation**

Plaintiff argues that imposition of costs in this case will chill future civil rights litigation regarding race and age discrimination. See ECF No. 51 at 4. "The Ninth Circuit has recognized that the imposition of high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation." Marugame v. Johnson, Civ. No. 11-00710 LEK-BMK, 2015 WL 456549 at *4 (D. Haw. Feb. 2, 2015) (citing Stanley, 178 F.3d at 1080). Here, the Court finds that awarding costs to Defendant will not chill future civil rights litigation because

3

the requested costs in this case are relatively low.  See Assoc. Of Mexican-American Educators v. State of California, 231 F.3d 572 (9th Cir. 2000) (finding that $216,443.67 in costs is "extraordinarily high" and may discourage potential civil rights plaintiffs); see also Marugame, Civ. No. 11-00710 LEK-BMK (finding that $17,988 in costs after three years of litigation would not chill future civil rights litigation).  Therefore, Defendant's request for costs should not be denied on this ground.

### III.  Unnecessary Copying Costs

Plaintiff objects to Defendant's requested costs for copying on the grounds that Defendant has not shown that the copies of Plaintiff's medical records were necessarily obtained for use in this case.  See ECF No. 51 at 6.  Plaintiff's argument regarding the possibility that certain medical records may not be relevant, without more, fails to overcome the presumption in favor of awarding costs.  See ECF No. 51 at 6.  This is because Defendant was unable to determine what records were relevant to Plaintiff's claims until after the records were received.  Defendant represents that the copies of Plaintiff's medical records were necessarily obtained for use in the case because of Plaintiff's emotional distress claim.  See ECF No. 53 at 4; see also ECF No. 8 at 11 (Amended Compl.).  The Court finds that the copies of Plaintiff's medical records were necessarily obtained for use in this case.

However, the Court finds that some of Defendant's requested copying costs are unreasonably high.  Local Rule 54.2(f)(4) allows for costs of $0.15 per page or the actual cost charged by a commercial copier, provided the charge is reasonable, for copies necessarily obtained for use in the case.  See LR54.2(f)(4).  First, Defendant incurred a cost per page of $0.19 for copies from Professional Image.  See ECF No. 50-5 at 1.  The Court finds that these costs are reasonable.  Second, Defendant incurred costs per page of $1.06 for copies from Information Management Partners on April 6, 2015, and $0.66 for copies from Information Management Partners on May 21, 2015.  See ECF No. 50-5 at 2, 3.  Defendant does not explain why these higher copying costs are reasonable.  The Court finds that these per page rates are unreasonably high and should be reduced to reflect a cost of $0.19 per page.  The Court therefore finds that Defendant's total requested copying costs should be reduced to $270.77.[2]

**IV.   Costs For Service of Subpoenas Not Reasonably Required**

Plaintiff argues that Defendant has not shown that the subpoenas served on Kaiser Permanente, Dr. Suzanne Hammer, Dr. Kay S. Wong, and Straub Clinic and Hospital were reasonably

---

[2] ($91.41 for copies from Professional Image) + (785 pages * $0.19 per page from Information Management Partners 4/6/2015) + (159 pages * $0.19 per page from Information Management Partners 5/21/2015) = $270.77.

5

required.  Local Rule 54.2(f)(1) states that costs for service of summons and subpoenas are allowable to the extent they are reasonably required and actually incurred.  LR54.2(f)(1).  To the extent Plaintiff again relies on arguments regarding the possibility that certain medical records subpoenaed by Defendant may not be relevant, these arguments are not persuasive.  See ECF No. 51 at 8.  Defendant could not have known what records were relevant prior to receiving the records.  Because Plaintiff makes no other arguments opposing the subpoena served on Kaiser Permanente, the Court finds that the costs related to that subpoena were reasonably required and are taxable.

Regarding the subpoenas served on Dr. Hammer and Dr. Wong, Plaintiff argues that Defendant has not stated the purpose of the subpoenas or why they were required.  See ECF No. 51 at 8.  In its Reply, Defendant asserts that it subpoenaed the records from Plaintiff's doctors in order to defend against Plaintiff's emotional distress claim.  See ECF No. 53 at 4.  Plaintiff's response to Defendant's interrogatories states that Plaintiff was treated by Dr. Hammer and Dr. Wong.  See ECF No. 53-4 at 5.  In light of Plaintiff's claim of intentional infliction of emotional distress, it is reasonable that Defendant sought to subpoena records from Plaintiff's doctors.  The Court finds that the costs related to the subpoenas served on Dr. Hammer and Dr. Wong were reasonably required and are taxable.

Regarding the subpoena served on Straub Clinic and

Hospital, Defendant has failed to show that serving a subpoena on itself for documents in its own possession was reasonably required. It is unclear why Defendant would need to subpoena its own records and Defendant has not provided any explanation for this course of action. The Court finds that the costs related to the subpoena served on Straub Clinic and Hospital were not reasonably required and are not taxable.

### V.  Unnecessary Deposition Transcript Costs

Plaintiff objects to Defendant's requested costs for Plaintiff's deposition transcripts. See ECF No. 51 at 9. Defendant seeks to recover both the cost of the video and stenographic transcripts of Plaintiff's deposition. See ECF No. 50-4. "The cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable." LR54.2(f)(2); see also 28 U.S.C. § 1920(2).

Regarding the video transcripts, Defendant asserts that videotaping Plaintiff's deposition was necessary because Defendant planned to use the video transcripts to impeach Plaintiff if she testified differently at trial. See ECF No. 50 at 6. Here, given the testimony at issue, a video transcript would be more effective than a stenographic transcript for impeachment purposes. Defendant requests costs for the original DVDs and one copy for each day of Plaintiff's deposition. See ECF No. 50-4 at 2, 4. The Court finds that these costs are

7

taxable under Local Rule 54.2.

Regarding the stenographic transcripts, Plaintiff objects to any fees that Defendant may have incurred by requesting expedited transcripts via e-mail.  See ECF No. 51 at 9.  The invoices for Plaintiff's deposition state "Expedited Transcript E-mailed."  ECF No. 50-4 at 1, 3.  "Expedited copies are only taxable, for example, if they were necessary because the transcript was essential for questioning in other depositions to follow, and copies were required very quickly."  White v. Sabatino, Civ. Nos. 04-00500 ACK/LEK, 05-00025 ACK/LEK, 2008 WL 4112779, at *4 (D. Haw. Sept. 3, 2008) (citation omitted).  Defendant provides no justification for expedited transcripts of Plaintiff's deposition.  See ECF Nos. 50, 53.  It is unclear from the invoices provided what Defendant was charged for the expedited transcripts.  See ECF No. 50-4 at 1, 3.  As a result, the Court cannot determine what portion of the cost resulted from the expedited transcripts.  Because the Court provided Defendant an opportunity to respond to Plaintiff's objections and Defendant failed to address this objection, the Court finds that Defendant's costs of $2,176.28 and $1,200.10 for the stenographic transcripts of Plaintiff's deposition are not taxable and should be denied.

### VI. Conclusion

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the District Court GRANT Defendant's request for

$2,081.52³ in costs and DENY the remaining costs requested.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 4, 2015.



/s/ Richard L. Puglisi
Richard L. Puglisi
United States Magistrate Judge

**AOYAGI V. STRAUB CLINIC AND HOSPITAL, CIVIL NO. 14-00285 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT STRAUB CLINIC AND HOSPITAL'S BILL OF COSTS**

---

³ $6,240.19 requested - $757.29 in copying costs - $25.00 for service of the subpoena on Straub Clinic and Hospital - $2,176.28 for the stenographic transcript of Plaintiff's deposition on 4/30/2015 - $1,200.10 for the stenographic transcript of Plaintiff's deposition on 5/7/2015 = $2,081.52.

9